JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Jennifer Libis

### DEFENDANTS
Truist Financial Corporation

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mansour Law, LLC
961 Marcon Blvd., Ste. 425
Allentown, PA 18109 Tel: (610) 321-3538

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [x] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**
Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 1981

Brief description of cause:
Employment retaliation

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 01/20/2026

SIGNATURE OF ATTORNEY OF RECORD: *William P. Mansour*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: __1660 N. Cedar Crest Blvd., Allentown, PA_____

---

*RELATED CASE IF ANY:*  Case Number:_____  Judge:_____

1. Does this case involve property included in an earlier numbered suit?   Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?   Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?   Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply?   Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief  *see certification below*
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B. Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____
       _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Jennifer Libis | : | CIVIL ACTION |
| v. | : | |
| Truist Financial Corporation | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
   and Human Services denying plaintiff Social Security Benefits.                      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
   exposure to asbestos.                                                               ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
   commonly referred to as complex and that need special or intense management by
   the court. (See reverse side of this form for a detailed explanation of special
   management cases.)                                                                  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (x)

| | | |
|---|---|---|
| 01/20/2026 | William P. Mansour | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (610) 321-3538 | (610) 798-1345 | wpm@themansourfirm.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER LIBIS, | ) |
| Plaintiff, | ) No. _____ |
| v. | ) |
| TRUIST FINANCIAL CORPORATION, | ) CIVIL ACTION – LAW |
| Defendant. | ) |

## COMPLAINT

NOW COMES, JENNIFER LIBIS ("Plaintiff"), by and through her undersigned counsel, who hereby complains against TRUIST FINANCIAL CORPORATION ("Defendant") as follows:

### INTRODUCTION

1. This action arises under the Civil Rights Act of 1866, 42 U.S.C. § 1981 (§ 1981) and the Pennsylvania Human Relations Act, 43 P.S § 951, *et seq.* (PHRA). Specifically, as set forth in more detail herein, Defendant violated these statutes when it suspended and then discharged Plaintiff because she made reasonable, good faith complaints to Defendant's Human Resources department and Financial Crimes Division that her supervisor fraudulently and surreptitiously opened credit card accounts for non-English speaking customers based on their race and ancestry.

### PARTIES

2. Plaintiff is an adult female individual currently residing in Whitehall, Lehigh County, Pennsylvania.

3. Defendant is a publicly-traded banking and financial institution with locations throughout the United States. Its principal place of business is located at 2713 Forest Hills Road SW, Building 2, Wilson, NC 27893.

4. At all times relevant and material hereto, Defendant employed at least 15 employees for each working day during each of 20 or more working weeks in 2023 and 2024.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of Plaintiff's § 1981 claims pursuant to 28 U.S.C. § 1331 because such claims arise under the laws of the United States.

6. This Court has jurisdiction over the subject matter of Plaintiff's PHRA and common law claims pursuant to 28 U.S.C. § 1367 because such claims share a common nucleus of operative fact with Plaintiff's § 1981 claims.

7. Venue in this district is proper under 28 U.S.C. § 1391(b)(1)-(2) because Defendant regularly conducts business within this district and because the events giving rise to Plaintiff's causes of action arose in this district.

8. On October 18, 2024, Plaintiff filed a Charge of Discrimination against Defendant with the U.S. Equal Employment Opportunity Commission (EEOC), which was cross-filed with the Pennsylvania Human Relations Commission (PHRA) on that same date, alleging, *inter alia*, retaliation under Title VII.

9. One (1) year has elapsed since Plaintiff cross-filed her Charge with the PHRC. To date, the PHRC has not reached a determination on Plaintiff's Charge.

10. Plaintiff has satisfied all other conditions precedent to the filing of this action.

## FACTUAL ALLEGATIONS

11. On or about August 10, 2016, Defendant hired Plaintiff as a Universal Banker at its branch located at 1660 N. Cedar Crest Blvd., Allentown, PA.

12. On or about March 1, 2024, Defendant made Adam Boyd the Branch Manager of its branch at 1660 N. Cedar Crest Blvd. Upon becoming Branch Manager, Mr. Boyd also became Plaintiff's direct supervisor.

13. On March 6, 2024, Mr. Boyd directed Plaintiff to open a credit card account for a non-English speaking customer of Arab race and ethnicity without the customer's knowledge or consent. When Plaintiff objected, Mr. Boyd said: "Why? She doesn't speak English so she won't know."

14. Plaintiff refused to follow Mr. Boyd's directive and did not open a credit card account for that customer.

15. Later that same day, Plaintiff reported Mr. Boyd's conduct separately to Defendant's Human Resources Department and its Financial Crimes Division. This report by Plaintiff constituted reasonable opposition activity to what she reasonably believed was illegal race, ethnicity, and/or national origin discrimination by Mr. Boyd.

16. Then, on March 20, 2024, a non-English speaking customer of Indian national origin called the branch and spoke to Plaintiff. This customer complained to Plaintiff that Mr. Boyd opened a credit card account in her name without her knowledge or consent.

17. Shortly after this call, Plaintiff reported this complaint to Respondent's Human Resources Department and its Financial Crimes Division. This report by Plaintiff constituted reasonable opposition activity to what she reasonably believed was illegal race and/or national origin discrimination by Mr. Boyd.

3

18. The next day, on March 21, 2024, Mr. Boyd issued Plaintiff a write-up purportedly for a customer survey that was submitted that same day.

19. In that survey, the customer praised Plaintiff's performance and stated that she "always" tries to have Plaintiff service her when she visits the branch.

20. Plaintiff was not clear why she was being written up for a positive customer survey. When she asked Mr. Boyd, he had no response. Plaintiff then asked Mr. Boyd why he was violating Defendant's progressive discipline policy by skipping a verbal warning, to which he responded by claiming that "managers can do whatever they want and have discretion in these matters."

21. This write-up from Mr. Boyd was the first time Plaintiff had been written up during her roughly eight (8) years of employment with Defendant.

22. After writing up Plaintiff, Mr. Boyd shared this fact with at least one (1) of Plaintiff's co-workers, Danielle Caruso. Upon information and belief, Mr. Boyd shared this fact with other co-workers as well.

23. That same day, shortly after being written up by Mr. Boyd, Plaintiff again called Human Resources and complained that Mr. Boyd wrote her up in retaliation for her complaint about him the day before. This complaint by Plaintiff constituted reasonable opposition activity to what she reasonably believed was illegal retaliation.

24. On March 25, 2024, Plaintiff spoke with a Human Resources representative to complain again about Mr. Boyd's fraudulent, discriminatory, and retaliatory conduct. This complaint by Plaintiff constituted reasonable opposition activity to what she reasonably believed was illegal retaliation and discrimination by Mr. Boyd.

25. Later on March 25, 2024, Plaintiff began to hear rumors from her co-workers that she was going to be removed from her ancillary role of vault custodian.

26. On April 2, 2024, a member of Defendant's Financial Crimes Division interviewed Plaintiff about her complaints that Mr. Boyd fraudulently opened credit card accounts for non-English speaking customers and directed her and others to do the same. Later that day, Plaintiff was informed that her transactions were going to be audited by Branch Operations Partner Jennifer Snyder and that she was no longer the branch's vault custodian.

27. On April 4, 2024, Human Resources informed Plaintiff that she was being placed on a paid administrative leave for an undisclosed reason.

28. Between April 4, 2024 and April 21, 2024, Plaintiff had no idea why Defendant placed her on leave or when she could return to work.

29. Then, on April 22, 2024, during a video call with Plaintiff, Human Resources Representative Monica Bonhart-Brown told Plaintiff that many of her complaints about Mr. Boyd were "founded."

30. However, Ms. Bonhart-Brown then informed Ms. Libis that she was being discharged immediately for an undisclosed "rule violation."

## COUNT I

### RETALIATORY DISCHARGE IN VIOLATION OF 42 U.S.C. § 1981, THE CIVIL RIGHTS ACT OF 1866

31. Plaintiff incorporates by reference all preceding allegations as if same were set forth more fully at length herein.

32. On March 20, 2024, March 21, 2024, March 25, 2024, and April 2, 2024, Plaintiff engaged in reasonable opposition activity when she made good faith complaints to Defendant's Human Resources department and its Financial Crimes Division of what she reasonably believed to be illegal race discrimination under § 1981.

5

33. Specifically, Plaintiff complained that Mr. Boyd directed her to fraudulently and surreptitiously open a credit card account for a customer of the Arab race and, later, that Mr. Boyd himself fraudulently opened a credit card account for a customer of the Indian race.

34. By opening, or directing others to open, credit card accounts without the consent of these customers, Mr. Boyd deprived, or attempted to deprive, them of their equal right to make and enforce contracts.

35. Defendant discharged Plaintiff because of her good faith complaints of racial discrimination towards Arab and Indian customers in the making of credit card contracts.

36. As a direct and proximate result of her discharge, Plaintiff suffered past and future lost wages and loss of earning capacity.

37. As a direct and proximate result of her discharge, Plaintiff suffered significant emotional distress, mental anguish, embarrassment, humiliation, inconvenience, and financial insecurity.

38. By discharging Plaintiff under the circumstances alleged herein, Defendant acted intentionally with the purpose of denying Plaintiff her rights under federal law or recklessly with conscious disregard for Plaintiff's rights under federal law.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendant and award the following relief:

   a. All back pay from April 22, 2024 through the date of judgment, plus pre- and post-judgment interest;

   b. Front pay from the date of judgment through a date deemed equitable and just by the court;

   c. Compensatory damages in an amount to be determined at trial;

      d.      Punitive damages in an amount to be determined at trial;

      e.      All costs and reasonable attorney's fees; and

      f.      Any other relief deemed proper and just.

## COUNT II

### RETALIATORY DISCHARGE IN VIOLATION OF 43 P.S. § 955(d) THE PENNSYLVANIA HUMAN RELATIONS ACT

39. Plaintiff incorporates by reference paragraphs 1 through 38, above, as if same were set forth more fully at length herein.

40. As a financial institution, Defendant is a "public accommodation" under the PHRA.

41. The PHRA makes it unlawful for agents or employees of Defendant to deny any person any of the accommodations, advantages, facilities or privileges of such public accommodation based on such person's race, ancestry, or national origin. 43 P.S. § 955(*i*)(1).

42. The PHRA also makes it unlawful for any employer to discriminate against any individual because such individual has opposed any practice forbidden by the statute. 43 P.S. § 955(d).

43. Because Plaintiff opposed what she believed was unlawful discrimination under § 955(*i*) by Mr. Boyd, Defendant discharged Plaintiff.

44. As a direct and proximate result of her discharge, Plaintiff suffered past and future lost wages and loss of earning capacity.

45. As a direct and proximate result of her discharge, Plaintiff suffered significant emotional distress, mental anguish, embarrassment, humiliation, inconvenience, and financial insecurity.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendant and award the following relief:

a. All back pay from April 22, 2024 through the date of judgment, plus pre- and post-judgment interest;

b. Front pay from the date of judgment through a date deemed equitable and just by the court;

c. Compensatory damages in an amount to be determined at trial;

d. All costs and reasonable attorney's fees; and

e. Any other relief deemed proper and just.

## DEMAND FOR JURY TRIAL

**PLEASE TAKE NOTICE** that Plaintiff JENNIFER LIBIS hereby demands a trial by jury for all claims and issues so triable.

*Respectfully Submitted*,

**MANSOUR LAW, LLC**

Dated: January 20, 2026       BY: */s/ William P. Mansour*
                              William P. Mansour, Esquire
                              Pa. Attorney ID No. 318833
                              961 Marcon Blvd., Suite 425
                              Allentown, PA 18109
                              Tel: (610) 321-3538
                              Fax: (610) 798-1345
                              Email: wpm@themansourfirm.com
                              Attorney for Jennifer Libis